UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

_____

| | |
|---|---|
| TIFFANY EVANS, ET AL. | CIVIL ACTION NO. 16-81 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| VERNON JOHNSON, ET AL. | MAGISTRATE JUDGE HAYES |

_____

## MEMORANDUM ORDER

Before the Court is a motion to quash, or in the alternative, a motion to dismiss or a motion to strike, filed by Defendants Vernon Johnson ("Johnson") and American Motor Transportation, Inc. [Record Document 43]. Plaintiffs oppose the motion. [Record Document 50]. For the reasons discussed below, Defendants' motion to quash [Record Document 43] is **GRANTED**, while the alternative relief sought is **DENIED**.

**I. Background**

On September 14, 2015, Plaintiffs filed suit in Louisiana state court against Johnson, American Motor Transportation, and National Liability and Fire Insurance Company. Record Document 1-1. Defendants removed the case to federal court on January 19, 2016, and noted at that time that while National Liability and Fire Insurance Company had been properly served, that service on the other two Defendants remained an issue. Record Document 1, p. 2. Following continuances unrelated to the instant service issue, a jury trial was set for September 18, 2017, with a pretrial conference scheduled for August 17, 2017. Record Document 41.

On April 10, 2017, nearly one month before the close of discovery, Plaintiffs' counsel

filed into the record certified mail receipts, which purported to show that Defendants Johnson and American Motor Transportation had been properly served in October 2015. Record Document 42.  Defendants Johnson and American Motor Transportation have not yet filed an Answer to the suit against them.  Instead, they quickly filed the instant motion to quash, asserting that federal and state service requirements have not been satisfied.  Following a review of the record and the jurisprudence, the Court agrees with the Defendants.

**II. Discussion**

Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Louisiana law provides that service of process on an individual may be personal or domiciliary. La. Code Civ. P. art. 1231.  Domiciliary service means service left at the dwelling house or usual place of abode of the person to be served with a person of

suitable age and discretion residing in the domiciliary establishment. Id. art. 1234.

Rule 4 also provides that a corporation, partnership, or unincorporated association (if being served in the United States) must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual;[1] or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).

Rule 4 further provides that

[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not properly served in the appropriate manner. Gartin v. Par Pharmaceutical Co., Inc., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (noting that Rule 12(b)(4) motions concern the form of process, while Rule 12(b)(5) motions challenge the mode, manner, or lack of delivery). "In the absence of valid service of process, proceedings against a party are void." Aetna Bus. Credit, Inc. v. Universal Decor & Interior

---

[1] As previously set forth, Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Design, 635 F.2d 434, 435 (5th Cir. 1981).  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Good cause under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) (internal citation omitted).  Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." Id. (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985)).

This case involves defective service on both Johnson, an individual, and American Motor Transportation, a corporation.[2]  The Court will address service on American Motor Transportation first.  Under Rule 4(h), there are two methods of serving a corporation:  by following state law or by delivering a copy of the summons and complaint to the officer, managing or general agent, or any other agent authorized to receive service of process.  Louisiana law provides that service of process on domestic or foreign corporations is made by personal service on any one of its agents for service of process.  La. Code Civ. P. art.

---

[2] Initially, Defendants complained of several errors in service, including that there was no affidavit verifying service.  Plaintiffs' counsel has since filed into the record an affidavit certifying that he sent a "certified true copy of the Petition for Damages" to both Johnson and American Motor Transportation, at the addresses listed in the accident report.  Record Document 52.  The Court will not address the affidavit issue, as it now appears to be moot.

1261(A).  Article 1261(b) further provides:

> If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
>
> > (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
> >
> > (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
> >
> > (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

La. Code Civ. P. art. 1261(B).

Here, in response to the instant motion from the Defendants, the Plaintiffs assert service on American Motor Transportation was properly made by mailing, via certified mail, a certified copy of the Petition to the address listed for American Motor Transportation on the accident report.  Record Document 50, p. 3.  Plaintiffs represent that "[t]he Certified Mail sent to American Motor at its address listed was signed for by someone, but this writer is uncertain as to the individual name . . . ."  Id.  Plaintiffs do not argue that they attempted service on American Motor Transportation's authorized agent, as they were required to under article 1261(A), nor have they asserted compliance with Rule 4, which allows for service on an officer, a managing or general agent, or any other agent authorized to receive service of process.  Rather, they fully concede-- unapologetically-- that they served an unknown person at American Motor Transportation's business address

because that was the address they found on the accident report. In essence, Plaintiffs contend that because they made a "clear attempt to comply with the Louisiana Long Arm Statute," any error on their part is immaterial. Id. at 4.

To the contrary, the Court finds that under either acceptable method of service, Plaintiffs' service on American Motor Transportation was defective. Plaintiffs have not provided any cause, much less good cause, for their insufficient service.

Further compounding the problem is that the Plaintiffs' own filings are internally inconsistent as to whether they attempted to serve American Motor Transportation with only the Petition, or the Petition along with the Citation. See Record Documents 50 and 52. This latter issue is the flaw in Plaintiffs' service on Johnson. The affidavit of service does not indicate that a copy of the Citation was also served, nor does the docket reflect this elsewhere. As set forth herein, service of both is required by law.

B. Time for Service

Rule 4(m) requires that a defendant must be served within 90 days after the complaint is filed. In a removed case, the time for service begins to run from the date of removal, not the date the complaint was filed in state court. Hunt v. Smith, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999); see 4 Wright & Miller, Federal Practice & Procedure, § 1137 (2016). Plainly, the 90 day service period has passed.

When a plaintiff does not serve a defendant within the required time period, the Court is required to dismiss the case unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). The plaintiff bears the burden of demonstrating good cause. Newby

v. Enron Corp., 284 F. App'x. 146, 149 (5th Cir. 2008). Good cause must rise above "[s]imple inadvertence or mistake of counsel or ignorance of the rules." Id. Plaintiff must demonstrate "good faith . . . and some reasonable basis for noncompliance within the time specified." Id.

As previously mentioned, Plaintiffs have not presented any good cause for their insufficient service, and in fact, they appear to be operating under the belief that service was not insufficient. At no point prior to the Defendants' motion did Plaintiffs ever move for an extension of time for service. There is no reasonable basis for noncompliance with the rules of civil procedure.

However, even if good cause is not shown, this Court has the discretion to extend the time allowed for service. Newby, 284 F. App'x at 149. The Court may appropriately exercise this discretion when, for example, the statute of limitations would bar a refiled action, or when the defendant is evading service or conceals a defect in service. Id. Here, the Court notes that Defendants did not file their motion to quash and/or dismiss until discovery was about to close, nearly two years after the accident occurred and approximately fifteen months after they removed the case to federal court. All three Defendants are represented by the same counsel, and they do not claim to have suffered any prejudice resulting from insufficient service. However, because they have never filed an Answer, nor presumably have they participated in the discovery process, the Court will upset the current scheduling order and allow time for the Plaintiffs to properly serve the unserved Defendants.

## III. Conclusion

For the reasons discussed above, Defendants' motion to quash [Record Document 43], insofar as it requests that service of process on Johnson and American Motor Transportation be quashed, is **GRANTED**. The alternative relief sought therein-- the motion to dismiss and the motion to strike-- is **DENIED**. Plaintiffs are hereby allowed until **August 15, 2017** to properly serve the unserved Defendants. The current Scheduling Order [Record Document 41] is hereby **UPSET**, and this case is referred to Magistrate Judge Hayes for a scheduling conference to be held after service is properly effected and documented in the record. The Defendants' subsequent motion to dismiss [Record Document 53], based upon the same grounds discussed herein, is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of July, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE