UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TIFFANY EVANS, ET AL. | CIVIL ACTION NO. 16-81 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| VERNON JOHNSON, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the Court is a Federal Rule of Civil Procedure 12(b)(5) motion to dismiss, filed by Vernon Johnson ("Johnson") and American Motor Transportation, Inc. [Record Document 71]. Plaintiffs oppose the motion. [Record Document 73]. For the reasons discussed below, the motion to dismiss is **GRANTED**, and the claims against Johnson and American Motor Transportation are **DISMISSED WITHOUT PREJUDICE**.

I.  Background.

The Court previously set forth the pertinent background in a ruling granting Defendants' motion to quash. See Record Document 59. That motion was premised upon the same issue presented by the instant motion— insufficient service of process. The Court will not revisit those facts here, but rather will outline what has transpired since that ruling was issued.

In its ruling, the Court allowed Plaintiffs one additional month- until August 15, 2017- to properly serve Johnson and American Motor Transportation. See id. Plaintiffs failed to timely comply with the Court's order. On August 18, 2017, Johnson and American Motor Transportation filed a motion to dismiss because they had not been served. Record

Document 62. On August 22, 2017, Plaintiffs filed an opposition to the motion to dismiss in which Plaintiffs' counsel stated that due to family issues, he had been out of town for much of the month of July and was thus unaware of the Court's August 15 deadline. Plaintiffs' counsel represented that he "did not review the actual order . . . . [but] was under the impression that he had 120 days to serve the pleading . . . ." Record Document 64, p. 3. Plaintiffs requested an additional month in which to serve Johnson and American Motor Transportation, which this Court granted. Record Documents 64 & 66. The Court allowed Plaintiffs until September 19, 2017 to effect service, but cautioned that "[n]o further extensions related to service will be granted." Record Document 66.[1] However, once again, Plaintiffs failed to effectuate service, leading Johnson and American Motor Transportation to file another motion to dismiss.

II.  Discussion.

Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place

---

[1] Because the Court allowed another extension of time and because the ultimate issue is resolved in the instant ruling, the August 18 motion to dismiss [Record Document 62] is **DENIED AS MOOT**.

> of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Louisiana law provides that service of process on an individual may be personal or domiciliary. La. Code Civ. P. art. 1231. Domiciliary service means service left at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment. Id. art. 1234.

Rule 4 also provides that a corporation, partnership, or unincorporated association (if being served in the United States) must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual;[2] or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h). Louisiana law provides that service of process on domestic or foreign corporations is made by personal service on any one of its agents for service of process. La. Code Civ. P. art. 1261(A). Article 1261(b) further provides:

> If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:

---

[2] As previously set forth, Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

> (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
>
> (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
>
> (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

La. Code Civ. P. art. 1261(B).

Rule 4 further provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not properly served in the appropriate manner. Gartin v. Par Pharm. Co., Inc., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (noting that Rule 12(b)(4) motions concern the form of process, while Rule 12(b)(5) motions challenge the mode, manner, or lack of delivery). "In the absence of valid service of process, proceedings against a party are void." Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Good cause under Rule 4(m) requires "at least as much as would be required to

show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) (internal citation omitted). Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." Id. (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985)).

This case involves defective service on both Johnson, an individual, and American Motor Transportation, a corporation. On August 29, 2017, Plaintiffs "initiated" service on Johnson via certified mail to 104 Jesse Layne Drive, Harvest, Alabama 35749. Record Document 73, p. 2. Plaintiffs assert that this address was the one listed on the accident report and was also the address Johnson provided at his March 2017 deposition. Record Documents 73, pp. 2, 3; and 73-1, p. 2. The Postal Service was unable to deliver the package to Johnson at the Jesse Layne address, marked it as "addressee unknown" on September 6, and returned the package to Monroe. Record Document 73-5, p. 2.

Meanwhile, the certified mail package sent to American Motor Transportation's agent, Milos Bozovic ("Bozovic"), at 8628 Tuttle Drive, Unit 3, Palos Hills, IL 60465, was equally unsuccessful. That package was returned to sender, with "vacant" "unable to forward" noted on the exterior.[3] Record Document 73-6, p. 1.

Plaintiffs' counsel did not ascertain the status of service on either Johnson or Bozovic

---

[3] Bozovic has filed an affidavit in the record attesting that his address is 8628 Tuttle Drive, Unit 3, Palos Hills, IL 60465. Record Document 74-2. He further represents that he has lived at that address continuously since 2007. Id.

until September 21, 2017, two days past the deadline, and only then discovered neither had been served. Record Document 73, p. 2. Plaintiffs blame the Postal Service, Johnson, and Johnson's family members for Plaintiffs' inability to serve these purported Defendants. Indeed, without any factual support whatsoever, Plaintiffs represent to the Court that Johnson avoided service. Record Document 73, p. 4. They further state, "The mere fact that Johnson family members denied that he still lived at a resident [sic] that he testified he resided at should not be an obstruction to service." Id.

Plaintiffs' counsel has misrepresented the facts to the Court. There is no evidence that Johnson's family was ever approached by the Postal Service, much less that they lied to a postal employee about where Johnson lived. There is no evidence that Johnson has attempted to evade service. The fault, rather, lies solely with the Plaintiffs, who attempted to serve Johnson at an old address. As defense counsel accurately notes, at Johnson's March 3, 2017 deposition, Plaintiffs' counsel asked "State your name and address for the record, please." Record Document 74-1, p. 3. Johnson answered, "My name is Vernon Johnson. My address is 35740 Highway 17, Butler, Alabama." Record Document 74-1, pp. 3-4. Plaintiffs' counsel later asked Johnson "What address were you living at at that time [of the accident]?" Record Document 74-1, p. 9. Johnson answered, "104 Jessie [sic] Layne Drive. . . . Harvest, Alabama . . ." Id. Thus, since that March 3 deposition, Plaintiffs have had Johnson's correct address readily available. The Court cannot excuse Plaintiffs' failure to effect service on Johnson.

In a similar vein, Plaintiffs fault the Postal Service for the lack of service on Bozovic,

stating that "[t]he fact that postal service, delayed service on the agent, plaintiffs should not be penalized" and "plaintiffs have no control over the postal service . . . ." Record Document 73. Service via certified mail was not the only option available to the Plaintiffs. Moreover, it is clear to the undersigned that had the Plaintiffs acted with due diligence throughout this process, they may well have avoided these issues altogether. In making these observations, the Court is not penalizing Plaintiffs for the acts of the Postal Service, but instead is enforcing the rules and procedures that govern all legal actions.

Ultimately, the parties agree that two purported Defendants have never been served in a suit that has been pending in federal court since January of 2016. Rule 4(m) requires that a defendant be served within 90 days after the complaint is filed. In a removed case, the time for service begins to run from the date of removal, not the date the complaint was filed in state court. Hunt v. Smith, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999); see 4 Wright & Miller, Federal Practice & Procedure, § 1137 (2016). Plainly, the 90 day service period has passed.

When a plaintiff does not serve a defendant within the required time period, the Court is required to dismiss the case unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). The plaintiff bears the burden of demonstrating good cause. Newby v. Enron Corp., 284 F. App'x. 146, 149 (5th Cir. 2008). Good cause must rise above "[s]imple inadvertence or mistake of counsel or ignorance of the rules." Id. Plaintiff must demonstrate "good faith . . . and some reasonable basis for noncompliance within the time specified." Id. As outlined above, Plaintiffs have not presented any good cause for their

insufficient service. Further, Plaintiffs did not seek an extension of time to attempt to cure this problem before the September deadline. There is no reasonable basis for Plaintiffs' continued noncompliance with the rules of civil procedure. The Court cannot excuse any further delays in service.

Accordingly, the motion to dismiss filed by Johnson and American Motor Transportation [Record Document 71] be and is hereby **GRANTED**; the prior motion to dismiss [Record Document 62] is **DENIED AS MOOT**. Plaintiffs' claims against these two purported Defendants are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ____ day of _____, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE